IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHANNON F.,[1]

                                        Plaintiff,                    Civ. No. 2:19-cv-01940-JR

   v.                                                               **OPINION AND ORDER**

**NANCY A. BERRYHILL**, Acting
Commissioner of Social Security

                                        Defendant.

_____

**RUSSO, Magistrate Judge:**

      Plaintiff Shannon F. brings this action for judicial review of the Commissioner of Social Security's ("Commissioner") decision denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"). This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). For the reasons below, the Commissioner's final decision is affirmed.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental parties in this case.

Page 1 – OPINION AND ORDER

Plaintiff was 58 years old on her alleged onset date of January 15, 2015. Tr. 146.[2] In her application for disability insurance benefits she alleged disability due to low back pain, post fusion; left plantar fasciitis; heloma; hammer toe deformity and contracted metatarsal phalangeal joint; basal cell carcinoma; hand numbness; and hypothyroidism. Tr. 16.

Plaintiff filed her application for DIB with a protective filing date of January 13, 2016. Tr. 143, 146. Her claim was denied initially and upon reconsideration. Tr. 87, 93. Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ") and appeared for a hearing on August 14, 2018. Tr. 27. In a written decision dated November 8, 2018, the ALJ denied plaintiff's applications. Tr. 22. The Appeals Council denied plaintiff's subsequent petition for review, rendering the ALJ's decision final. Tr. 140-42. This appeal followed.

## **STANDARD OF REVIEW**

A reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hill v. Astrue, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, a court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. Davis v. Heckler, 868 F.2d 323, 326 (9th Cir. 1989).

---

[2] "Tr." refers to the Transcript of the Social Security Administrative Record, ECF No. 10, provided by the Commissioner.

Page 2 – OPINION AND ORDER

## DISCUSSION

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. See 20 C.F.R. § 404.920(a)(4) (2012). The burden of proof rests upon the claimant at steps one through four, and with the Commissioner at step five. Id.; Bustamante v. Massanari, 262 F.3d 949, 953–54 (9th Cir. 2001) (citing Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner must demonstrate that the claimant is capable of making an adjustment to other work after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. § 404.920(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is disabled. Id. If, however, the Commissioner proves that the claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled. Id.; see also Bustamante, 262 F.3d at 953–54.

The ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not performed substantial gainful activity since her alleged onset date. Tr. 16. At step two, the ALJ found plaintiff had the following severe impairments: low back pain, post fusion; left plantar fasciitis; heloma; and hammer toe deformity and contracted metatarsal phalangeal joint. Id.

At step three, the ALJ found plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the listings. Tr. 17; 20 C.F.R. Part 404, Subpart P, Appendix 1.

Prior to step four, the ALJ determined that plaintiff's RFC allowed her to perform sedentary work with the following limitations:

> [Plaintiff] can lift/carry 10 pounds occasionally and less than 10 pounds frequently. She can stand/walk two hours and sit eight hours during an eight-hour workday. [Plaintiff] must have the option to change between sitting and standing every 30 minutes for up to 5 minutes while remaining at the workstation, at [her] discretion. She can perform tasks that do not require operation of foot controls with the left lower extremity. She can perform tasks that do not require crawling, kneeling, or climbing ladders, ropes, or scaffolds and no more than

occasional stooping or climbing ramps or stairs. [Plaintiff] can rarely crouch. [She] can frequently handle and finger. She can perform tasks with no exposure to moving or dangerous machinery, no exposure to unprotected heights, and no driving a motor vehicle.

Tr. 17. At step four, the ALJ found that plaintiff was unable to perform her past relevant work as an administrative clerk, because the exertional level required by that job exceeded plaintiff's RFC. Tr. 20.

At step five, the ALJ found that based on plaintiff's age, education, work experience, and RFC, she had skills from her past relevant work that would be transferable. Tr. 20-21. The ALJ therefore concluded that plaintiff could perform work that existed in significant numbers in the national economy despite her impairments. Tr. 21. Specifically, the ALJ found plaintiff could perform the occupation of "Hospital Admitting Clerk," a sedentary job with about 37,700 jobs in the national economy. Id. As a result, the ALJ concluded that plaintiff was not disabled within the meaning of the Act. Tr. 22.

Plaintiff contends the ALJ erred by (I) failing to properly evaluate the medical opinion of treating podiatrist Travis Hampton, DPM, and (II) concluding at step five that she was capable of performing sedentary work with additional limitations.

**I.   Medical Opinion of Dr. Hampton**

Plaintiff first argues that the ALJ improperly rejected the opinion of her treating podiatrist, Dr. Hampton. "There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians." Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 692 (9th Cir. 2009). "Where a treating or examining physician's opinion is contradicted by another doctor, the '[ALJ] must determine credibility and resolve the conflict.'" Id. (citation omitted). "An ALJ may only reject a treating physician's contradicted opinions by providing 'specific and legitimate reasons that are supported by substantial evidence.'"

Ghanim v. Colvin, 763 F.3d 1154, 1161 (9th Cir. 2014) (quoting Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008)).

"An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)). Merely stating conclusions is insufficient: "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." Id. "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." Id. at 1012-13 (citing Nguyen v. Chater, 100 F.3d 1462, 1464 (9th Cir. 1996)).

Dr. Hampton completed a medical source statement in July 2018. Tr. 526-28. He indicated that plaintiff could stand and/or walk for less than two hours per day (but for two hours at a time) and sit without limitation. Tr. 527. Dr. Hampton opined that plaintiff would be limited in pushing and pulling with her lower extremities and should at most occasionally climb or stoop and bend, and should never balance, kneel, crouch, or crawl. Id. Dr. Hampton also indicated that plaintiff would not suffer from significant impairment in her concentration, and checked a box indicating that she would miss at least 16 hours of work per month due to her limitations. Tr. 528.

The ALJ gave "great weight" to Dr. Hampton's opinion with regard to plaintiff's postural limitations and weight-bearing limitations because they were consistent with Dr. Hampton's overall findings. Tr. 20. The ALJ gave less weight to Dr. Hampton's opinion regarding plaintiff's ability to stand and walk, favoring instead the opinion of Michael Henderson, D.O., because it

"better accommodates [plaintiff's] subjective complaints." Id. Plaintiff does not contest these findings. The ALJ, however, failed to specifically mention Dr. Hampton's check-the-box opinion indicating that plaintiff would miss two days or more of work per month and did not incorporate this limitation into plaintiff's RFC. Tr. 17, 20. Because the ALJ rejected this portion of Dr. Hampton's opinion without providing any reasons for doing so, the ALJ erred. Garrison, 759 F.3d at 1012.

An ALJ's error is harmless if it is inconsequential to the ultimate nondisablity determination. Carmickle v. Comm'r, 533 F.3d 1155, 1162 (9th Cir. 2008). Where the evidence can reasonably support affirming an ALJ's decision denying Social Security disability benefits, the court may not substitute its judgment for that of the ALJ. Social Security Act, § 205(g), 42 U.S.C.A. § 405(g).

Based on a careful consideration of the entire record, the Court concludes that that ALJ's error was harmless. Here, there is simply no support in the medical record for Dr. Hampton's check-the-box opinion that plaintiff would miss two or more days of work per month. Examining physician Dr. Henderson, for example, whose opinion is based on objective findings in the record, found that plaintiff was capable of full-time work, contradicting Dr. Hampton's opinion that plaintiff would miss two or more days of work per month. Tr. 19-20. See Murray v. Heckler, 722 F.2d 499, 501 (9th Cir. 1983) (noting individualized medical opinions are preferred over check-the-box forms). State Agency medical consultant William Nisbet, M.D., reviewed plaintiff's medical records in June 2016 and concluded that she was capable of performing full-time work. Tr. 19. State Agency consultant Peter Bernardo, M.D. also reviewed plaintiff's records and concurred with Dr. Nisbet. Tr. 20. Finally, plaintiff's treating doctor Bryan Conkin, M.D., did not opine that plaintiff lacked the functional capacity to perform full-time work. Tr. 20. Together with

Dr. Hampton's opinion, these medical opinions constitute the entirety of the medical opinion evidence before the ALJ. Dr. Hampton's erroneously rejected opinion was wholly inconsistent with the medical record as a whole.

Further undermining Dr. Hampton's finding that plaintiff would miss two or more days of work per month, the ALJ noted plaintiff's medical records contained minimal complaints and minimal treatment for her symptoms. Tr. 18-19. Finally, there is no evidence in Dr. Hampton's own treatment records to support his opinion that plaintiff would miss two or more days of work per month. See Tr. 526-28. When prompted to explain his opinion that plaintiff would miss two or more days of work per month Dr. Hampton wrote only, "I have not prescribed drugs that would cause cognitive impairment." Tr. 528. This note neither explains nor justifies Dr. Hampton's rejected opinion. See Ford v. Saul, 950 F.3d 1141, 1155 (9th Cir. 2020) (the ALJ "may permissibly reject check-off reports that do not contain any explanation of the bases of their conclusions").

In sum, Dr. Hampton's erroneously rejected opinion was unsupported by his own treatment notes, with the medical record as a whole, and with plaintiff's own statements about her limitations and course of treatment.[3] The ALJ's error was thus inconsequential to the ultimate nondisability determination and was therefore harmless. Carmickle, 533 F.3d at 1162; see also Batson, 359 F.3d at 1195.

**II.    Step Five Findings**

Plaintiff next argues the ALJ's step five findings were not supported by substantial evidence. At step five, the ALJ found that plaintiff was limited to sedentary work with additional limitations, precluding her past relevant work as an administrative clerk. Tr. 17, 20. At the

---

[3] Plaintiff does not challenge the ALJ's evaluation of record evidence other than the ALJ's rejection of Dr. Hampton's check-the-box opinion.

Page 7 – OPINION AND ORDER

administrative hearing, the ALJ asked the vocational expert ("VE") whether plaintiff had any skills that would transfer to other work, and the VE testified that plaintiff's skills would transfer to the sedentary occupation of hospital admitting clerk, with little or no vocational adjustment. Tr. 48. Applying the Medical-Vocational Rule 201.07 as a framework, which states that a person with plaintiff's age and education is not disabled if they had previous skilled or semi-skilled work experience with transferable skills, the ALJ concluded that plaintiff was not disabled. Tr. 20-22.

      Plaintiff argues that the ALJ should have found her disabled because her skills did not transfer to a significant range of sedentary occupations.[4] The ALJ's nondisability finding however is consistent with Ninth Circuit precedent set forth in Tommasetti v. Astrue, 533 F.3d 1035, 1043 (9th Cir. 2008). In Tommasetti, the court applied Rule 201.07 for sedentary work and held that it applied even when the claimant's skills transferred to only one occupation requiring very little occupational adjustment. Id. Although plaintiff is slightly older than the claimant in Tommasetti (Plaintiff was 58 at the time of her alleged onset date; the claimant in Tommasetti turned 55 during the period in his benefits claim) nothing in that case suggests that the application of Rule 201.07 would change based on how long the claimant was in the relevant age category. The ALJ's decision was upheld in Tommasetti because he explicitly applied and interpreted Rule 201.07, the grid rule that applies to a person of advanced age. Id. Because the ALJ here applied and interpreted the grid rule that applies to a person of advanced age, consistent with plaintiff's age category, he did not err. On this record, the ALJ's step five findings are supported by substantial evidence.

      Plaintiff contends that this result is "absurd" because if plaintiff was limited to light instead of sedentary work, she would be found disabled under the appropriate grid rule. To this end, she

---

[4] The ALJ noted 37,700 hospital admitting clerk jobs in the national economy, a significant number, but not a significant range. Tr. 21.

Page 8 – OPINION AND ORDER

cites Lounsburry v. Barnhart, 468 F.3d 1111 (9th Cir. 2006), wherein the claimant was limited to light work and the VE identified only one job that claimant could do with transferable skills from her past work. The ALJ concluded the claimant was not disabled based on his identification of only one available occupation in the national economy. The Lounsburry court reversed the ALJ's decision, holding that under a particular grid rule for light work, a claimant's skills must transfer to more than one occupation in the national economy. Id. at 1114, 1117. Tommasetti, however, explicitly distinguished Lounsburry, holding that the rule formulated in Lounsburry did not apply under the sedentary grid rules. Tommasetti, 533 F.3d at 1043-44 (noting that the sedentary grid rules "do not contain the language of 202.00(c)," which is explicitly incorporated by reference in the light grid rules and provides that a finding of disabled is warranted if a claimant has skills that are "not readily transferable to a significant range of semi-skilled or skilled work").

Plaintiff's "absurdity" argument assumes that if she were limited to light work, she would inevitably be found disabled, but this is by no means established by the record. Here, plaintiff's past relevant work was as an administrative clerk, which is classified as light work. See Tr. 48, 52. Thus, if plaintiff were limited to light instead of sedentary work, she could likely perform her past relevant work, making transferability of skills – and the grid rules – irrelevant. In the hypothetical situation in which plaintiff was limited to light work *and* found unable to perform her past work, it remains an open question whether there might be multiple light occupations that she could perform. The basis of plaintiff's absurdity argument thus rests on mere speculation.

For these reasons, the Court rejects plaintiff's argument that the application of the rule in Tommasetti to this record – not the rule in Lounsburry – leads to absurdity. The ALJ's decision is supported by substantial evidence and is therefore affirmed.

## **CONCLUSION**

For the reasons stated above, the Commissioner's final decision is AFFIRMED under sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

DATED this 28th day of August, 2020.

                                                /s/ Jolie A. Russo
                                                        Jolie A. Russo
                                         United States Magistrate Judge